■ XAMAKA, INC., Respondent, v 166 EAST 61ST STREET CORPORATION, Sued Herein as 166 EAST 61ST STREET ASSOCIATES, Appellant and Third-Party Plaintiff, et al., Defendants, et al., Third-Party Defendants. [715 NYS2d 145] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered January 21, 2000, which, in an action by a store owner against a housing cooperative for loss of business caused by the presence of a scaffold, denied defendant's motion to vacate the note of issue and to compel plaintiff to produce its tax returns for the years that it allegedly lost business, unanimously affirmed, with costs.

After having the opportunity to review the financial documents presented at the depositions of plaintiff's accountant and president, and subsequently having received additional documents that were used in the preparation of plaintiff's tax returns, defendant makes no showing of any "overriding necessity" such as might warrant production of plaintiff's tax returns (*Matthews Indus. Piping Co. v Mobil Oil Corp.*, 114 AD2d 772).

Defendant's claim that the tax returns are necessary to verify the produced documents is speculation on the part of its attorney, unsupported by expert opinion and otherwise insufficient to show that the information contained in the returns "is indispensable to the instant litigation and unavailable from other sources" (*id.*). Without the need for further disclosure, there is no reason to vacate the note of issue. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.